UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JABARI REGAINS,

    Plaintiff,

v.

REBECCA HORROCKS,

    Defendant.

_____/

Case No. 2:21-cv-72

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging First Amendment retaliation. Defendant moved for summary judgment based on Plaintiff's alleged failure to first exhaust his administrative remedies. Plaintiff failed to respond to the motion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Defendant's motion. The matter is presently before the Court on Defendant's objections to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In her motion, Defendant argued that after his grievance was rejected, Plaintiff was required to raise his issues at the Warden's Forum (ECF No. 17 at PageID.76). Referencing the "similar situation" in *Lopp v. Washington*, No. 1:19-CV-540, 2021 WL 3033266 (W.D. Mich. July 19, 2021), the Magistrate Judge disagreed, determining that the Warden's Forum was "not the

appropriate avenue" to exhaust constitutional rights and that Plaintiff's claim was instead exhausted when the Step I Respondent rejected the grievance as "non-grievable" (R&R, ECF No. 18 at PageID.114–115).

Defendant presents two objections to the Magistrate Judge's Report and Recommendation. First, Defendant argues that Plaintiff "forfeited all arguments" because he did not file a response to her motion for summary judgment and that the Magistrate Judge erred in considering "any argument on his behalf" (Def. Obj., ECF No. 19 at PageID.117–119). According to Defendant, "[i]t is not [Defendant's] role—nor the magistrate judge's—to develop [Plaintiff's] arguments on his behalf" (*id.* at PageID.119). Defendant's argument lacks merit. The Magistrate Judge accurately set forth the well-established proposition that "[w]hen a non-movant fails to respond to a motion for summary judgment, which is the case here, the Court must 'examine the movant's motion for summary judgment to ensure that he has discharged his initial burden'" (R&R, ECF No. 18 at PageID.107, quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). Specifically, in *Carver*, the Sixth Circuit held that "for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond." 946 F.2d at 454–55 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

Second, Defendant argues that the Magistrate Judge erred in determining that Plaintiff's grievance served to exhaust his administrative remedies (Def. Obj., ECF No. 19 at PageID.119). Defendant reiterates that Plaintiff did not avail himself of the Warden's Forum process, and Defendant points out that Plaintiff, unlike the plaintiff in *Lopp*, did not pursue his grievance through Step III (*id.* at PageID.120). Defendant's argument again lacks merit. As set forth by the Magistrate Judge (R&R, ECF No. 18 at PageID.110), the Sixth Circuit has held in unpublished but

2

consistent opinions that prisoners "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Peoples v. Bauman*, No. 16-2096, 2017 WL 7050280, at *4 (6th Cir. Sept. 5, 2017) (quoting *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004)).  Where a grievance is rejected as non-grievable, whether correctly or incorrectly, the grievance process is "unavailable."  District courts have applied this holding in cases not only where the plaintiff pursues a grievance through Step III, as in *Lopp*, but also where the plaintiff does not appeal through Step III the finding that a complaint was non-grievable.  *See, e.g., Marsh v. Anderson*, No. 21-10348, 2022 WL 775340, at *2 (E.D. Mich. Feb. 17, 2022), report and recommendation adopted, No. 21-CV-10348, 2022 WL 761698 (E.D. Mich. Mar. 11, 2022); *Stribling v. Washington*, No. 20-12990, 2021 WL 6066413, at *4 (E.D. Mich. Oct. 19, 2021), report and recommendation adopted, No. 20-12990, 2021 WL 6063658 (E.D. Mich. Dec. 22, 2021).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 19) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 18) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.

Dated:  September 26, 2022                                /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge