UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JABARI REGAINS, #600539, | Case No. 2:21-cv-72 |
| Plaintiff, | Hon. Jane M. Beckering<br>U.S. District Judge |
| v. | |
| REBECCA HORROCKS, | |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION

### I.     Introduction

This Report and Recommendation (R&R) addresses Defendant Prison Counselor (PC) Rebecca Horrocks's motion for summary judgment. (ECF No. 37.)

Plaintiff — state prisoner Jabari Regains — filed suit pursuant to 42 U.S.C. § 1983 on April 14, 2021. In Regains's verified complaint, he alleges that after he was transferred from Chippewa Correctional Facility (URF) to Marquette Branch Prison (MBP) for his involvement in a riot at URF, PC Horrocks retaliated against him, in violation of his First Amendment rights. (ECF No. 1, PageID.2.) Specifically, Regains asserts that PC Horrocks denied him JPay[1] and phone access in retaliation for Regains's numerous complaints about the cleanliness of MBP facilities. (*Id.*) Regains sues PC Horrocks in her personal capacity.

---

[1]     JPay is the email system utilized by prisoners in MDOC custody.

PC Horrocks now moves for summary judgment. Horrocks argues that the Court should dismiss Regains's case for two main reasons. First, PC Horrocks says that she was not the staff member who suspended Regains's access to the JPay system. (ECF No. 38, PageID.178.) Second, Horrocks states that Regains testified during his deposition that she restricted his JPay and phone access based on an altercation PC Horrocks had with another inmate and protests outside the prison by inmates' families. (*Id.*, PageID.171.) As such, by Regains's own admissions, PC Horrocks's alleged adverse actions were not motivated by Regains's protected conduct.

The undersigned respectfully recommends that the Court grant Defendant's motion for summary judgment. In the undersigned's opinion, there are no genuine issues of material fact with respect to PC Horrocks's personal involvement in the alleged retaliatory suspension of Regains's JPay access; another MBP employee, not PC Horrocks, suspended JPay access for all MBP prisoners on sanctions for the URF riot. Moreover, Regains's testimony establishes that even had PC Horrocks suspended his access to JPay and the MBP phones, PC Horrocks was not acting in response to Regains's protected conduct.

## II.     Factual Allegations

Regains asserts that on September 13, 2020, a fight broke out between two prisoners in the Neebish Unit at URF, which resulted in Corrections Officers tasing an inmate in the face. (ECF No. 1, PageID.3.) In protest, the majority of the Neebish Unit inmates created a disturbance. (*Id.*) As a result of that disturbance, Regains

2

and 39 other inmates were transferred to MBP. (*Id.*, PageID.4.) Regains says that his cell at MBP was dirty. (*Id.*) He also says that he was exposed to the Covid-19 virus and that he was not permitted to shower. (*Id.*) Regains asserts that he made numerous verbal complaints about these conditions. (*Id.*)

On October 13, 2020, Regains received a positive test result for Covid-19. (*Id.*, PageID.5.) Then, on October 15, 2020, Regains filed a grievance against the entire MBP staff in response to Covid-19 exposure and a general lack of cleanliness of the unit. (*Id.*, PageID.6.) Michigan Department of Corrections rejected the grievance because the alleged harms were not specific to Regains. (ECF No. 1-2, PageID.16.)

After testing positive for Covid-19, Regains called family members and complained about the unit's conditions. (ECF No. 1, PageID.6.) Family members then contacted MBP administration about Regains's complaints. (*Id.*) A few days later, Regains lost access to the phone and JPay. (*Id.*) At this point, Regains asked PC Horrocks about the phone and JPay. (*Id.*) Regains describes the discussion as follows:

> 33) Defendant-Horrocks, stated. "You are on Sanctions".
>
> 34) Plaintiff stated, "O.k.", "but I still can receive J-pays and make a phone call once a per week." "Per Dom and the Warden." "And I just wrote you a kite." [See kite Attached Under Appendix (B)]
>
> 35) Defendant-Horrocks stated, "Maybe if you didn't complain so much your phone and J-pay would still be working." "Your family calling is not going to help your cause either."
>
> 36) Plaintiff stated, "You are just making things up", "this is against Policy Directive."
>
> 37) Defendant-Horrocks, "stated," "You guys tore up Neebish Unit, and now you guys come here filing grievances, and complaining all day," "What do you think is going to happen."
>
> 38) Plaintiff stated, "But why would you do this at a time when I'm fighting this deadly virus."
>
> 39) Defendant-Horrocks stated, "Perhaps you will think about that before you guys destroy our Unit."

(*Id.*)

### III.   Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

4

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.  Analysis

As set forth above, Regains claims that PC Horrocks retaliated against him by suspending his access to the JPay system and phone.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated by the protected conduct. *Id.*

In moving for summary judgment, PC Horrocks argues that: (1) PC Horrocks did not, and indeed could not, suspend prisoners' access to the JPay system, (ECF No. 38, PageID.178) and (2) even assuming PC Horrocks could turn off JPay and/or phone access, Regains testified during his deposition that PC Horrocks suspended JPay and phone access based on an altercation with another prisoner and due to protesting outside of the prison, not because of Regains's protected conduct (*id.*, PageID.178).

5

Thus, according to Horrocks, Regains's own testimony demonstrates that his loss of access to JPay and/or the phones was not motivated by his protected conduct. The undersigned addresses each of Horrocks's arguments in turn.

Regains alleges that PC Horrocks suspended his access to the JPay system. However, the record establishes that PC Horrocks did not have the authority to turn off Regains's JPay. Not only does PC Horrocks attest in her affidavit that she lacked access to the JPay System (ECF No. 38-5, PageID.224), she supports her affidavit with an email chain from November 6, 2020, in which she contacted other MDOC staff members to inform them that she was receiving prisoner complaints related to the JPay system. (*Id.*, PageID.233.) When one of those staff members referred PC Horrocks to a particular part of the JPay system, PC Horrocks responded, "I don't have access to J-pay." (*Id.*)

But even if PC Horrocks had access to the JPay System, MBP Sergeant Andrew Vrabel attested that he, not PC Horrocks, turned off Regains's JPay account from November 7, 2020, to November 23, 2020. (ECF No. 38-6, PageID.243 (Vrabel's Aff.).) To corroborate his statement, Sgt. Vrabel presented records of the regularly conducted MDOC JPay activity. (ECF No. 38-6, PageID.243-244.) Those records are shown below:

| Date | Status | From Facility | To Facility | From Housing | To Housing | Action Initiator | User name | View |
|---|---|---|---|---|---|---|---|---|
| 2/8/2023 12:36:07 PM | Registered | URF | MTU | NEEBISH341BOTC | B055ATOP01 | System | | View |
| 2/7/2023 11:28:25 PM | Registered | LMF | URF | S219BOTB | NEEBISH341BOTC | System | | View |
| 11/29/2022 10:09:22 AM | | LMF | LMF | | | Staging User | Deavonta Dixon | View |
| 4/22/2022 9:04:26 AM | Registered | MBP | LMF | BB09BOTB | P215BOTB | System | | View |
| 11/24/2020 12:01:05 AM | Registered | MBP | MBP | C=35BOTC | C=35BOTC | System | | View |
| 11/24/2020 12:01:05 AM | Registered | MBP | MBP | C=35BOTC | C=35BOTC | System | | View |
| 11/24/2020 12:01:05 AM | Registered | MBP | MBP | C=35BOTC | C=35BOTC | System | | View |
| 11/7/2020 12:48:41 PM | Suspended | MBP | MBP | C=35BOTC | C=35BOTC | Facility User | VrabelA | View |
| 9/15/2020 8:59:07 AM | Registered | URF | MBP | NEEBISH444TOPD | C-18BOTC | System | | View |

(*Id.*, PageID.245.)

7

> **Inmate Account Management**
>
> Choose Facility: Michigan Department of Corrections
> Insert inmate ID: 600539
> [View Inmate Account Details]
>
> << Back
>
> **Suspended Account Required Comment**
> First Name: JABARI
> Last Name: REGAINS
> Inmate ID: 600539
> Facility: Michigan Department of Corrections
>
> [Calc. Amount]
>
> Reason: prisoner on LOP, segregation prisoner, (Account successfully suspended until 11/23/2020)

(*Id.*, PageID.246.)

The records provided by Sgt. Vrabel indicate that Regains was registered with JPay on September 15, 2020, after his transfer from URF to MBP. (*Id.*, PageID.245.) The records show only one suspension to Regains's JPay account on November 7, 2020 for Loss of Privileges (LOP). (*Id.*) That suspension was entered by "VrabelA." (*Id.*) On November 24, 2020, Regains was again registered with the JPay system. (*Id.*)

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In the undersigned's opinion, the records and sworn statements provided by PC Horrocks and Sgt. Vrabel establish

that, despite Regains's verified allegations, PC Horrocks was not the individual who turned off Regains's JPay access.

For a state actor to be held personally liable under § 1983, they must have been personally involved in the violation of the plaintiff's rights. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *Bennett v. Schroeder*, 99 F. App'x 707, 713-714 (6th Cir. 2004). In other words, claims against public officials in their personal capacity "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999) (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999)). Because the undersigned finds that Regains's allegation of PC Horrocks's personal involvement with shutting down the JPay system is blatantly contradicted by the record, it is the undersigned's opinion that PC Horrocks cannot be held liable for retaliating against Regains by shutting off his JPay account.

Turning to Regains's allegation that PC Horrocks retaliated against him by suspending his access to the MBP phones, it appears that phone access was restricted due to a technical malfunction rather than retaliatory action. PC Horrocks attests that when prisoners experience issues with the phone, her first remedy is to reset the prisoner's personal identification number. (ECF No. 38-5, PageID.224.) PC Horrocks provides URF records reflecting that she attempted to reset Regains's pin on November 2, 2020, November 11, 2020, and November 16, 2020. (*Id.*, PageID.226.) Nevertheless, Regains alleges in his verified complaint that PC Horrocks shut off his

phone, and the phone records establish that Regains did not make any calls from November 2, 2020 to November 22, 2020. (*Id.*, PageID.231.)

But Regains was deposed on December 22, 2022. The pertinent portion of his deposition testimony is shown below.

```
18  Q     Well, what was the reason you think that PC Horrocks turned
19        off the JPay and phone access?
20  A     Oh, I know she shut it off because she had a altercation
21        with another inmate and she told me she felt -- she told me
22        that she didn't like that they were protesting outside of
23        the building about showers and cleaning supplies.
24  Q     And you said "protesting outside"?
25  A     Yeah, in front of the prison.  (Inaudible) --
```

(ECF No. 38-4, PageID.217.) Significantly, when asked about PC Horrocks's motivation in turning off Regains's JPay and phone access, Regains does not cite the protected conduct alleged in his complaint. Instead, he points to the PC Horrocks's interactions with other actors.

Regains argues in his response to PC Horrocks's motion that the protected conduct at issue was his grievance dated November 15, 2020, and that PC Horrocks shut off his JPay account and phone due to that grievance. (ECF No. 40, PageID.281.) Regains's response, like the allegations in his complaint, contradicts his deposition testimony. When faced with a verified complaint that contradicts later deposition testimony, this Court credits the deposition testimony. *Leary v. Livingston Cnty.*, 528 F.3d 438, 444 (6th Cir. 2008) (first citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

10

(1986); then citing Fed.R.Civ.P. 56(e)(2); then citing *Scott*, 550 U.S. 372 (2007); and then citing *Wysong v. City of Heath*, 260 F. App'x. 848, 857 (6th Cir. 2008)) ("Nor can [the plaintiff] create a triable issue of fact simply by pointing to discrepancies between his complaint . . . and his deposition testimony . . . When a claimant's testimony contradicts the allegations in his complaint, we will credit his later testimony.").

Furthermore, the evidence on the record shows that the grievance Regains points to as his protected conduct in his complaint — Grievance MBP-2020-11-1785-27B — was filed ***after*** Regains lost JPay and phone access. (ECF No. 1-4, PageID.20.) As set forth above, phone records indicate that Regains's last call before losing phone access occurred on November 1, 2020. (ECF No. 38-5, PageID.231.) Regains did not file Grievance MBP-2020-11-1785-27B until November 15, 2020. (ECF No. 1-4, PageID.20.) Therefore, the cited protected conduct could not have incited the alleged retaliatory acts.

In summary, it is undisputed that Regains lost access to the JPay system in November 2020. But, in the undersigned's opinion, the records before the Court demonstrate that another MDOC employee at MBP — Sgt. Vrabel — suspended Regains's access to JPay in November 2020 because Regains was on Loss of Privileges (LOP). Thus, it is the undersigned's opinion that PC Horrocks is entitled to summary judgment on that portion of Regains's case.

In addition, the records before the Court demonstrate that a technical problem was likely to blame for Regains's loss of access to the phones in November 2020. But more importantly, the record before the Court demonstrates: (1) that Regains's

11

alleged protected conduct — the filing of a grievance — took place *after* he lost JPay and phone access, thus undercutting the alleged causal connection between the protected conduct and the alleged adverse actions, and (2) that Regains, in his deposition, attributed his loss of access to JPay and the phone system to a reason *other than his protected conduct*. Thus, PC Horrocks has demonstrated that no genuine issue of material fact remains in this case.

## V.     Recommendation

The undersigned respectfully recommends that the Court grant Defendant PC Horrocks's motion for summary judgment because no genuine issues of material fact remain.

If the Court accepts this recommendation, this case will be dismissed.

Dated:   June 27, 2023                                      /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).