UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JABARI REGAINS,

      Plaintiff,

                                   Case No. 2:21-cv-72

v.

                                   HON. JANE M. BECKERING

REBECCA HORROCKS,

      Defendant.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendant filed a motion for summary judgment.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court grant Defendant's motion and dismiss this case.  The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.[1]

**I.  Plaintiff's Objection to the Report and Recommendation (ECF No. 37)**

Plaintiff first argues that the Magistrate Judge erred in "considering any argument that [P]laintiff was not engaged in protected conduct" (Pl. Obj., ECF No. 47 at PageID.312). Specifically, Plaintiff argues that he alleged in his Complaint that he engaged in protected conduct

---

[1] Plaintiff also filed a "Motion to Amend Complaint to Add Sgt. Andrew Vrabel as Defendant" (ECF No. 50), which, for the reasons discussed *infra*, is denied.

when "he made verbal complaints, and filed grievances in relation to his living conditions"; "when

he made verbal complaints" specifically to Defendant; and "when he contacted friends and family

and told them about living conditions and asked them to contact [Marquette Branch Prison (MBP)]

or come up to the prison" resulting in his friends and family "protest[ing] in front of [the] prison"

(*id.* at PageID.312–313).[2]  Plaintiff's argument does not demonstrate any factual or legal error in

the Magistrate Judge's analysis of his retaliation claim, as the Magistrate Judge thoroughly

considered Plaintiff's allegations and the record evidence (*see* R&R, ECF No. 46 at PageID.304–

311).  As the Magistrate Judge concluded and as Defendant argues in response,  Plaintiff's own

allegations acknowledged that he did not engage in protected conduct prior to the alleged adverse

actions or that the protected conduct was sufficiently connected to the alleged adverse actions (*see*

*id.*; Resp., ECF No. 49 at PageID.322).  Therefore, Plaintiff's argument fails to demonstrate any

factual or legal error in the Magistrate Judge's analysis or conclusion and is properly denied.

Plaintiff next argues that the Magistrate Judge erred in "considering [Sargeant (Sgt.)

Vrabel's] testimony as truthful" (Pl. Obj., ECF No. 47 at PageID.313).  Plaintiff argues that Sgt.

Vrabel knowingly gave false testimony at the "encouragement and or direction" of Defendant and

shut off Plaintiff's JPay without authority to do so (*id.*).  In response, Defendant argues that

Plaintiff "failed to … address, let alone make a valid argument against" Sgt. Vrabel's testimony in

response to the summary judgment motion, and that Plaintiff may not "submit new documentation

in support of his claim" for the first time in his instant objection (Resp., ECF No. 49 at

PageID.323).  Even assuming arguendo that Plaintiff did not waive his argument by failing to raise

---

[2] Plaintiff also asserts that Defendant took adverse actions "by shutting off [his] phone" and "directing her co-worker to shut off [his] jpay" and that Defendant's actions "were in fact motivated by [P]laintiff's grievances" and because he contacted his family and friends to protest at MBP (Pl. Obj., ECF No. 47 at PageID.313).

it in response to the summary judgment motion, Plaintiff fails to identify any legal or factual error in the Magistrate Judge's thoughtful and thorough analysis of the testimony from Sgt. Vrabel and corroborating JPay activity records (*see* R&R, ECF No. 46 at PageID.305).  Therefore, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion and is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  This Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

## II.  Plaintiff's Motion to Amend his Complaint (ECF No. 50)

Plaintiff filed his two-page motion to amend on July 27, 2023.  Although Federal Rule of Civil Procedure 15 directs that leave to amend "shall be freely given when justice so requires," the Sixth Circuit has instructed that "the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'"  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation omitted).  The resolution of a motion for leave to amend is within a trial court's discretion, with the following factors relevant to the court's consideration: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment.  *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001).  The Court must have knowledge of the substance of a proposed amendment to determine whether "justice so requires" an amendment and does not abuse its discretion by

denying an amendment when the plaintiff fails to submit a proposed amended complaint. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002); *see also* W.D. Mich. LCivR 5.7(f) (requiring the proposed document to be attached to the motion seeking leave to file). Further, as is the case here, when discovery is closed, and a plaintiff requests to add new causes of action or new parties without explanation for the delay in bringing the motion to amend, it is not an abuse of discretion to deny the plaintiff's motion to amend. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). Discovery closed in late January 2023. Plaintiff now moves to amend his complaint to add a new claim of retaliation against a Sgt. Vrabel, a new defendant (*see* ECF No. 50 at PageID. 326–327). Plaintiff has failed to provide a proposed amended complaint and, more importantly, Plaintiff has provided no justification for the delay in bringing his motion to amend. Therefore, the Court, in its discretion, denies Plaintiff's motion.

### III. Conclusion

For the reasons stated above:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 47) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 46) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 37) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 50) is DENIED.

Dated:  August 8, 2023                    /s/ Jane M. Beckering
                                          JANE M. BECKERING
                                          United States District Judge